HALL et al., Appellants, v. ALLEN.

**Set-off: COMMISSIONS: ASSIGNMENT.** In a suit upon a promissory note where the defendant pleads as a set-off commissions from plaintiffs due a co-partnership, of which he is a member, if the commissions were assigned to defendant, by the co-partnership, before the commencement of the suit, then, for the purposes of a set-off, they were due him, and accorded with the allegation of the answer. And if defendant's co-partners allowed him the commissions individually, with consent of plaintiffs, it was in effect, an assignment with notice.

*Appeal from Jackson Special Law and Equity Court.*—HON. R. E. COWAN, Judge.

AFFIRMED.

*Amos H. Cagy* for appellants.

The instructions for defendant were based upon issues outside of the pleadings. They should have been based upon the pleadings. *Waldhier v. Railroad Co.,* 71 Mo. 514. The instructions given at the instance of the court did not tell the jury what an assignment was, and those given at the instance of the defendant were still more indefinite, and should not have been given. *Gilson v. Railroad Co.,* 76 Mo. 282.

*Lathrop & Smith* for respondent.

Plaintiffs' demurrer to the evidence was properly refused, as also, were their instructions. The instructions

given by the court were not excepted to, and those asked by defendant were not even objected to, and defendant is not called upon to defend them. The verdict was not against the evidence, but if it were, it should not be reversed for that reason.

MARTIN, C.—This was an action on a promissory note in the sum of $1,030, made by defendant and payable to the plaintiffs under the name and style of "Hall Bros." The petition admitted a credit on the note of $250. The defendant pleaded a failue of consideration in that the note was given under a mistaken belief that he and his co-partners were indebted to plaintiffs at the time it was given, but that they were not indebted in any amount whatever, which left the note without any consideration. The defendant also pleaded an offset or counter-demand, in which he claimed that plaintiffs were indebted to him in the sum of $660.50 as commissions for services rendered them in the sale of cattle. The trial resulted in a verdict for defendant with an assessment of $600 against plaintiffs, upon which judgment was rendered in his favor. The plaintiffs have appealed.

On the first issue of the case relating to the liability of defendant on the note, the evidence very strongly tends to show that there was in truth no indebtedness existing against the defendant and his co-partners for which the note was given. All the instructions asked by the plaintiffs upon this issue were given. And the instruction given at the instance of defendant, to the effect that if the note was given under the mistaken belief that defendant was indebted to plaintiffs on account of previous transactions, when in truth he was not indebted in any sum whatever, is unobjectionable.

On the second issue relating to the set-off or counter-claim, the evidence shows, without contradiction, that defendant made the sale of cattle on which he claimed commissions, that is, that he procured a purchaser of the cattle

and sent him to plaintiffs, who effected the sale and promised the commissions. But the evidence, also, shows that these services were rendered in the name of and in behalf of the firm of Irwin, Allen & Co., of which defendant was a partner, and that the indebtedness originally accrued in their favor against plaintiffs. There was evidence tending to show that the firm of Irwin, Allen & Co. had recognized the claim for commissions as passing absolutely to Allen alone, and that he had been charged in his individual account with the value and amount thereof, which he claimed passed the title to him. There was also evidence tending to show that by an arrangement between the plaintiffs and the firm of Irwin, Allen & Co., the commissions were to be credited upon Allen's note held by plaintiffs, which it is claimed would pass the title to defendant of the cross-indebtedness pleaded.

The plaintiffs asked an instruction to the effect : "If the jury believe from the evidence that the item of offset claimed by defendant consisted of commissions due from plaintiffs to the firm of Irwin, Allen & Co., a co-partnership, then such item cannot be allowed as a set-off to plaintiffs' claim." The declaration of law in this instruction is correct enough, but it is hardly suited to the evidence. If the commissions were due the firm of Irwin, Allen & Co., they were not due to defendant for the purposes of an offset. But if they had been assigned or released to him by the other members of the firm of Irwin, Allen & Co., then, for the purposes of an offset they were due to defendant, and accorded well enough with the allegation in the answer, that they were due to defendant. I do not think the court erred in refusing the instruction as asked by plaintiffs, and in giving of its own accord the following instruction in lieu thereof : "If the jury believe from the evidence that the item of offset claimed by the defendant consisted of commissions due from plaintiffs to the firm of Irwin, Allen & Co., a co-partnership, then such item cannot be allowed as a set-off, unless you further believe from the evidence that

such commissions had been assigned to defendant by said firm of Irwin, Allen & Co. before the institution of this suit, or unless you find from the evidence that by an agreement between the plaintiffs and Irwin, Allen & Co., said commissions were credited on the note sued on, and the same charged to defendant's account by the firm of Irwin, Allen & Co."

I think this instruction placed the issue fairly before the jury. The instruction given at the instance of defendant, is not in contradiction of it. There seemed to be no conflict in the evidence about the services having been rendered in the name of Irwin, Allen & Co. In the defendant's instruction the court authorizes a finding in favor of defendant for the value of the services, "provided they find that it was understood that said commissions should be allowed to the defendant herein individually." There is nothing indefinite in this instruction when considered with reference to the evidence to which it applies. The evidence was, that defendant's co-partners had allowed him these commissions individually, with the consent of plaintiffs. This was in effect an assignment of their interest to him with notice of the fact to the plaintiffs, from whom they were due.

I see no error which would justify a reversal of the judgment, accordingly it is affirmed. All concur.